UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEE WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-CV-0138-CVE-CDL |
| | ) |
| EKUBAY BRHANE, and | ) |
| AGORO TRUCKING LLC, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are plaintiff's motion to reconsider, motion to remand, and brief in support (Dkt. # 18), defendants' response (Dkt. # 22), and plaintiff's reply (Dkt. # 23). Plaintiff requests that the Court reconsider the state court's finding of improper service and remand this case to the state court. Dkt. # 18, at 2. Defendants respond that the Court should deny plaintiff's motion because the state court's determination that service was incomplete was not clear error and vacating the state court's order would not prevent manifest injustice. Dkt. # 22, at 2. The Court finds that vacating the state court's order would not correct clear error or prevent manifest injustice, and defendants timely removed this case. Thus, the Court denies plaintiff's motion to reconsider and motion to remand.

I.

On August 12, 2024, plaintiff, an Oklahoma resident, filed a petition in Nowata County District Court against defendants—Ekubay Bhrane, a Texas resident, and Agoro Trucking LLC ("Agoro"), an LLC with one member, Bhrane[1]—arising out of a motor vehicle accident in Nowata

---

[1]  Bhrane, Agoro's sole LLC member, resides at 5750 Gulfton Street,. Apt. 1401, Houston, Texas. Dkt. # 2, at 2; Dkt. # 6, at 2.

County between plaintiff and Bhrane allegedly caused by Bhrane operating a vehicle entrusted to him by Agoro and in the scope of his employment with Agoro. Dkt. # 2, at 2; Dkt. # 2-1, at 1, 2-3. In his petition, plaintiff seeks a "judgment in his favor against defendants for a sum in excess of federal jurisdictional diversity requirements . . . ." Dkt. # 2-1, at 4.

Starting in August 2024, plaintiff attempted to serve defendants at Brhane's and Agoro's sole member's residence.[2] Dkt. # 2, at 2; Dkt. # 2-4, at 1. On August 23, 2024, plaintiff attempted to serve defendants through mail/courier service, but FedEx returned the mailing as "refused." Dkt. # 2-4, at 1, 4; Dkt. # 18, at 2-3; Dkt. # 18-1. On August 29, 2024, Kathryn Dial, a process server, attempted to serve defendants. Dkt. # 18-2, at 1. No one answered the door, and she left her business card. Id. The next day, she again attempted service. Id. While no one answered the door, she observed that her business card was no longer present. Id. On September 3, 2024, Dial attempted service, observed movement within the residence, and heard a television. Id. However, she received no acknowledgment at the door. Id. She once again left her business card. Id. Two days later, Dial attempted service, no one answered the door, and she observed that her card was no longer present. Id. After another two days passed, she attempted service, observed movement within the residence, heard a television, and left her business card. Id. at 2. Again, no one answered the door. Id. Finally, on September 9, 2024, Dial attempted service and observed her card was no longer present, but no one answered the door. Id.

On October 29, 2024, Robert Daniels, another process server, attempted to serve defendants at the same address where Dial had made her attempts. Dkt. # 18-3, at 1. Daniels observed that no "personal or truck vehicle" was present, and that "[t]his guy is an over the road driver and is gone

---

[2] Plaintiff claims that Brhane is Agoro's registered agent. Dkt. # 2-4, at 1.

often." Id. The following day, he again attempted service, no one answered the door, and he observed no signs of "personal or trust [sic] vehicle." Id. Finally, on November 9, 2024, Daniels attempted service in the morning and late evening, no one answered the door, and he observed no vehicles. Id. at 1-2. During this time, defendants' insurer was actively communicating with plaintiff and his counsel in an attempt to resolve plaintiff's claims. Dkt. # 2-11, at 7-8. However, plaintiff and his counsel did not notify the insurer that plaintiff had filed a lawsuit regarding the claim. Id.

On December 12, 2024, plaintiff filed a motion for leave to serve defendants by publication with supporting affidavits and declarations and a proposed notice of service. Dkt. # 2-4. The next day, the state court granted plaintiff's motion without making written findings as to plaintiff's due diligence in his attempts to serve defendants. Dkt. # 2-7. Following this order, plaintiff published notice in the Nowata Star for three successive weeks, first on December 25, 2024 and last on January 8, 2025. Dkt. # 2-8. On March 7, 2025, plaintiff filed a motion for default judgment and request for damages hearing. Dkt. # 2-9. On March 10, 2025, the state court granted plaintiff's motion. Dkt. # 2-10.

On March 11, 2025, plaintiff's counsel faxed defendants' insurer's handling adjuster a notice of this lawsuit and informed him that a default judgment had been entered against defendants. Dkt. # 2-11, at 8. On March 20, 2025, defendants' counsel entered their appearances (Dkt. ## 18-12, 18-13), and defendants filed a motion to vacate default and motion for leave to file answer out of time (Dkt. # 2-11). The next day, the state court found that the default judgment was deficient and set aside the judgment due to incomplete service on defendants. Dkt. # 2-14. On March 25, 2025, defendants filed an answer (Dkt. # 2-15), and, on March 27, 2025, defendants filed a notice of removal of civil action based on diversity jurisdiction (Dkt. # 2). On April 19, 2025, plaintiff filed

3

a motion to reconsider, motion to remand, and brief in support. Dkt. # 18. Defendants responded (Dkt. # 22), and plaintiff replied (Dkt. # 23).

## II.

The Court first considers plaintiff's motion to reconsider the state court's order finding that plaintiff failed to serve defendants.[3] Plaintiff argues that the Court should reconsider the state court's order because he perfected service by publication on January 8, 2025, and the delay in discovery has prejudiced him.[4] Dkt. # 18, at 4, 5-6. Defendants respond that the state court's finding was not clear error because plaintiff's purported service of defendants failed to comport with Okla. Dist. Ct. R. 16, plaintiff's counsel's duty of candor to the state court, basic due process, and defendants' right to be heard on the merits, and reconsideration of the state court order is not necessary to prevent

---

[3] Plaintiff does not argue that the state court erred in vacating the default judgment. Dkt. # 18, at 2, 4 n.2, 5 n.3.

[4] Plaintiff also argues that defendants "removed the case based on a gratuitous and erroneous finding of improper service presented in an ex parte order derived based on a false statement of law . . . " that plaintiff should have published notice in Texas. Dkt. # 18, at 2, 2 n.1. In defendants' motion to vacate the default judgment, defendants state that "[s]ervice by publication was completed in a state where [d]efendants are not domiciled or reside[,]" and, "[m]oreover, the insurance adjuster had been in contact with [p]laintiff's counsel over a period of months and was never informed by [c]ounsel or the paralegal that a lawsuit was filed." Dkt. # 2-11, at 2. The Court infers that plaintiff construes the first statement as defendants arguing that plaintiff should have published notice in Texas. See Dkt. # 18, at 2 n.1, 4-6; Dkt. # 23, at 2. However, defendants make no such assertion, and the state court did not state that they relied on such a rule in finding that plaintiff failed to serve defendants. Rather, the Court finds that defendants' above arguments pertain to the reasonableness of plaintiff's method of service, plaintiff's due diligence, and due process. Plaintiff's argument is meritless.

4

manifest injustice. Dkt. # 22, at 3-7. Plaintiff's reply is unresponsive to defendants' response.[5] Dkt. # 23.

"The Court has the authority to vacate orders that the state court entered [ ] because the federal court has sole jurisdiction over the proceedings after removal." Fed. Nat'l Mortg. Ass'n v. Milasinovich, 161 F. Supp. 3d 981, 1012 (D.N.M. 2016). When a case is removed from a state court to a federal court, all orders entered prior to removal "shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. "Federal courts have interpreted § 1450 to mean that '[a]fter removal, interlocutory orders of the state court are transformed into orders of the court to which the case is removed.'" Phoenix Energy Mktg., Inc. v. Chase Oil Corp., No. 16-CV-0681-CVE-TLW, 2017 WL 2347188, at *3 (N.D. Okla. May 30, 2017) (unpublished)[6] (quoting In re Diet Drugs, 282 F.3d 220, 231-32 (3d Cir. 2002)). "[A] federal court is free to reconsider a state court order and to treat the order as it would any interlocutory order it might itself

---

[5] In plaintiff's reply, he argues that: (1) defendants incorrectly assert that plaintiff should have served defendants by publication in Texas; (2) Okla. Dist. Ct. R. 16 does not apply to service by publication; and (3) defendants erroneously argue that plaintiff should have served defendants' insurer. Dkt. # 23, at 2-4. As discussed above, plaintiff's first argument is meritless. Plaintiff's second argument is similarly meritless because Rule 16 instructs state district courts on the "proper court procedure to ensure the accuracy of [a plaintiff's] alleged due diligence" in serving a defendant by publication. See Poppinga v. Wallace, 565 P.3d 413, 417 (Okla. 2025). As to plaintiff's third argument, plaintiff misinterprets the following language in defendants' response:"[t]here is no indication that [plaintiff's] counsel informed the [state court] during the hearing on his [m]otion for [s]ervice by [p]ublication of his communications with Agoro[]'s insurance carrier. Under the duty of candor to the tribunal, this information would be relevant to whether West's counsel engaged in 'a diligent and meaningful search of all reasonably available sources at hand.'" Dkt. # 22, at 3. Defendants do not assert that plaintiff should have served their insurer. Therefore, the Court need not address plaintiff's argument in response to defendants' statements that defendants come to the Court with unclean hands because they "dodged" service. Dkt. # 23, at 4.

[6] While unpublished decisions are not precedential, the Court cites this and other unpublished decisions for their persuasive value. See e.g., 10th Cir. R. 32.1(A).

have entered." Brown v. K-MAC Enters., 897 F. Supp. 2d 1098, 1103 (N.D. Okla. 2012) (citing Laney ex rel. Laney v. Schneider Nat'l Carriers, Inc., 259 F.R.D. 562, 564 (N.D. Okla. 2009)).

Plaintiff's motion to reconsider was filed within 28 days after the entry of judgment as calculated under FED. R. CIV. P. 6(a)(1), and the Court will treat plaintiff's motion as a motion to alter or amend judgment under FED. R. CIV. P. 59(e). Under Rule 59(e), a party may ask a district court to reconsider a final ruling or judgment when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[7] Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009) (unpublished).

Oklahoma law governs whether plaintiff properly served defendants. See Wallace v. Microsoft Corp., 596 F.3d 703, 706 (10th Cir. 2010) ("[F]ederal courts in removed cases look to the

---

[7] Plaintiff does not argue that an intervening change in the controlling law occurred or offer new evidence that was previously unavailable.

law of the forum state . . . to determine whether service of process was perfected prior to removal."). "The Oklahoma Supreme Court applie[s] a three-part test to determine whether the service was sufficient: '(1) Is there a statute authorizing the method of service employed?; (2) Have the requirements of the statute been observed?; and (3) Have fundamental due process requirements been met?'" Hukill v. Okla. Native Am. Domestic Violence Coal., 542 F.3d 794, 799 (10th Cir. 2008) (quoting Graff v. Kelly, 814 P.2d 489, 493 (Okla.1991)). In this instance, plaintiff purports to have served defendants by publication.

"Oklahoma law makes clear that service by publication is a matter of last resort reserved for cases where 'service cannot be made upon the defendants by any other method.'" Poppinga v. Wallace, 565 P.3d 413, 417 (Okla. 2025) (quoting OKLA. STAT. tit. 12, § 2004(C)(3)). While Oklahoma's pleading code generally requires only substantial compliance, "the general rule tends toward strictness" for service by publication. Id. Under § 2004(C)(3), a plaintiff may serve a defendant by publication when:

> [I]t is stated in the petition, verified by the plaintiff or the plaintiff's attorney or in a separate affidavit by the plaintiff or the plaintiff's attorney filed with the court, that with due diligence service cannot be made upon the defendant by any other method.[8]

Further, a plaintiff serving a defendant by publication must do so in a manner that comports with procedural due process. Bomford v. Socony Mobil Oil Co., 440 P.2d 713, 718 (Okla. 1968). Under the Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306 (1950), doctrine,

> A state cannot invest itself with, and exercise through its courts, judicial jurisdiction over a person in a proceeding which may directly and adversely affect his legally

---

[8] For the purpose of this analysis, the Court will assume that plaintiff complied with § 2004(C)(3)'s requirement that service "shall be made by publication of a notice, signed by the court clerk, one (1) day a week for three (3) consecutive weeks in a newspaper authorized by law to publish legal notices which is published in the county where the petition is filed."

> protected interests, unless a method of notification is employed which is reasonably calculated to give him knowledge at a meaningful time and in a meaningful manner of the attempted exercise of jurisdiction and an opportunity to be heard.

Bomford, 440 P.2d at 718. "The common thread of Mullane is reasonableness[,]" and "[t]he requirements of due process are not satisfied unless due diligence is used to find the affected party." Blackgold Expl. Co. v. First Fed. Sav. & Loan Ass'n of Elk City, 803 P.2d 1138, 1141, 1142 (Okla. 1990) (quoting Union Tex. Petroleum v. Corp. Comm'n, 651 P.2d, 658 (Okla. 1981)).

To ensure the accuracy of a plaintiff's purported due diligence, a state district court must "conduct a judicial inquiry into the specific facts concerning what methods of due diligence were exercised in conducting a legitimate search for the [defendant]." Poppinga, 565 P.3d at 417 (quoting Okla. Dist. Ct. R. 16). A court determines whether a party exercised due diligence by considering "what steps are necessary to impart actual notice, rather than a formalistic approach to service of process." Blackgold Expl. Co., 803 P.2d at 1142. This determination "presents a question for judicial determination which must be decided in the first instance by the trial court." Bomford, 440 P.2d at 718. For example, "publication may not be a reliable means of notice, especially if the interested party makes his home outside the circulation area of the newspaper." Blackgold Expl. Co., 803 P.2d at 1141(citing Mullane, 339 U.S. at 315). Further, "[w]here names and addresses of adverse parties are known or are easily ascertainable, notice of pending proceedings by publication service alone, is not sufficient to satisfy the requirements of due process under federal or Oklahoma constitutions." Johnson v. McDaniel, 569 P.2d 977, 981 (Okla. 1977). Under these circumstances, "notice by personal service or mail is constitutionally required . . . ." Blackgold Expl. Co., 803 P.2d at 1141. "All sources must be exhausted in a meaningful pursuit of information as to a defendant's whereabouts." Johnson, 569 P.2d at 981.

While the state court did not make a written finding as to plaintiff's due diligence, the court found that plaintiff failed to serve defendants. Dkt. # 2-14. Plaintiff knew defendants' correct names and address, but, after a single attempt to serve defendants by mail/courier and ten attempts to serve defendants by process server, plaintiff resorted to service by publication in a county and state in which defendants did not reside. Dkt. # 18, at 2-3. Struggling "to catch" defendants when plaintiff knows their address and names does not excuse plaintiff's failure to serve defendants in a manner that comports with procedural due process. See Blackgold Expl. Co., 803 P.2d at 1142 (finding that plaintiff had not exercised due diligence where the plaintiff knew the defendants' address, "but after two attempts, personal service was abandoned because no one answered the door at the address[,]" and the record did not indicate that service by mail was attempted); Tammie v. Rodriguez, 570 P.2d 332, 334 (Okla. 1977) (finding that plaintiff failed to exercise due diligence where the "sheriff made five trips but 'could not catch [defendant,]'" and plaintiff did not attempt service by mail). Cf. Mare Oil Co. v. Deep Blue Royalties, L.L.C., 65 P.3d 294, 296-98 (Okla. Civ. App. 2002) (finding that the plaintiff complied with the due diligence requirement because the plaintiff attempted service at addresses that the plaintiff later learned were incorrect, had checked "telephone information, directories, and public utilities[,]" contacted the secretary of state, and sent a letter to a state court requesting an index search for information on the defendant). Plaintiff fails to show that vacating the state court order would correct clear error or prevent manifest injustice. Therefore, the Court denies plaintiff's motion to reconsider the state court's order (Dkt. # 18).

**III.**

The Court now turns to plaintiff's motion to remand based on untimely removal. Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. P'ship--1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Off. Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). "The Court resolves doubtful cases in favor of remand." McDonald v. CSAA Ins. Exch., CIV-16-336-R, 2017 WL 887108, at *2 (W.D. Okla. Mar. 6, 2017) (unpublished) (citing Fajen v. Found. Rsrv. Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982)).

While plaintiff and defendants do not dispute this Court's subject matter jurisdiction, the Court must nevertheless consider whether it has jurisdiction of this case. A defendant may remove a case to federal court if the case is one over "which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ." The Supreme Court has construed § 1332 to require complete diversity, and the "plaintiff must meet the requirements of the diversity statute for each defendant . . . ." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989) (emphasis in original).

10

Here, Brhane is a citizen of Texas, and plaintiff is a citizen of Oklahoma. Dkt. # 2-1, at 1. Agoro's sole member resides in Texas, Dkt. # 2, at 2, and, thus, it is a citizen of Texas. Siloam Springs Hotel, LLC v. Century Surety Co., 781 F.3d 1233, 1234 (10th Cir. 2015) ("[A]n LLC, as an unincorporated association, takes the citizenship of all its members."). As defendants are Texas citizens and plaintiff is an Oklahoma citizen, complete diversity of citizenship exists. Further, plaintiff prays for judgment against defendants for a sum in excess of federal jurisdictional diversity requirements, exclusive of costs and interest. Dkt. # 2-1, at 4. Thus, the Court finds that it has diversity jurisdiction of this case and turns to whether defendants timely removed this action.

A defendant must file a notice of removal within 30 days after: "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[;] or . . . the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 354 (1999) ("[I]f the complaint is filed in court prior to any service, the removal period runs from the service of the summons."). As stated above, Oklahoma law governs defendants' service in this case, and plaintiff failed to serve defendants. Plaintiff makes no argument as to the date defendants waived service of process. In defendants' notice of removal, they argue that they timely removed this action because they filed an answer on March 25, 2025. Dkt. # 2, at 1. However, in defendants' response, they argue that they waived service of process on March 20, 2025,

when defendants' counsel entered their appearances. Dkt. # 22, at 5 n.1. Even if the Court assumes that defendants waived service of process on the earlier of the two dates, the Court would still find that defendants timely removed this action on March 27, 2025. Therefore, the Court denies plaintiff's motion to remand.

**IT IS THEREFORE ORDERED** that plaintiff's motion to reconsider, motion to remand, and brief in support (Dkt. # 18) is **denied**.

**DATED** this 15th day of May, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE